**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

GUMMYBEAR INTERNATIONAL, INC.,

        Plaintiff,

    v.

(1)   SOONOVA, LLC;

(2)   ANHUI RON.VE.XIN INTERNATIONAL TRADE CO., LTD.;

(3)   JINHUA HAIRONG IMPORT AND EXPORT CO., LTD. A/K/A BELO TEMPO;

(4)   SHANGHAI CHEERON INDUSTRIAL CO., LTD.;

(5)   SHENZHEN DOULUO E-COMMERCE CO., LTD.;

(6)   SHENZHEN JI MI TECHNOLOGY CO., LTD.;

(7)   SHENZHEN LECHI CREATIVE INDUSTRIAL CO., LTD.;

(8)   SHENZHEN LEVIN PLUSH TOYS CO., LTD. A/K/A LEVIN PLUSH TOYS FACTORY;

(9)   SHENZHEN TOYSKING INDUSTRIAL CO., LTD.;

(10)  SHENZHEN TUOYI ELECTRONIC COMMERCE CO., LTD.;

(11)  SUZHOU SHENGBEI ELECTRONIC TECHNOLOGY CO., LTD.;

(12)  YANGZHOU GUAN YUE HOUSEWARE CO., LTD.;

(13)  YIWU ALI TOY CO., LTD.;

(14)  WUHAN XIBAO PURCHASE ELECTRONIC COMMERCE COMPANY, LTD. A/K/A HOUZIME STORE (TRADER);

(15)  YIWU XIAOYA E-COMMERCE FIRM A/K/A KANICE STORE;

(16)  YIWU YUYUE ELECTRONIC COMMERCE CO., LTD. A/K/A LUOYSER LYCG PLUSH-TOY STORE (TRADER);

(17)  ZHENGZHOU PANEN TRADING CO., LTD. A/K/A HAPPY TIME STORE STORE (TRADER);

(18)  HAIKOUYEXINGCHENDIANZISHANGWUYOUXIANG ONGSI (TUMPETY STORE ON AMAZON);

Civil Action No.
1:25-cv-04832-JMF

[PROPOSED]
**PRELIMINARY INJUNCTION ORDER**[1]

---

[1]    Edits to the proposed Order are shown in redline.

(19)  CHONGQING DIANDIANXING SHANGYEGUANLI YOUXIANGONGSI (VERCICO STORE ON AMAZON);

(20)  OLYLIN DBA SELL WORLDER ON DHGATE.COM;

(21)  TIME_BROCADEL ON DHGATE.COM;

(22)  CHIURE-BRACELET ON EBAY;

(23)  FANREK.COM;

(24)  HOVERKARU_STORE ON EBAY;

(25)  TOPQUALITYHUB ON EBAY;

(26)  TUMPETY - GOGAILEN ON RETAILMARKET.NET;

(27)  YANGZHOU ROUND TOY CO., LTD.;

(28)  DONGGUAN JUN OU TOYS CO., LTD.;

(29)  AMI VENTURES INC;

(30)  TIANDI ON WAREHOUSES OVERSTOCK;

(31)  XEFUU ON WAREHOUSE OVERSTOCK;

(32)  TUMPETY ON WAREHOUSES OVERSTOCK;

(33)  YAOQI;

(34)  AIPENGRY A/K/A HEFEIJINGMAIDIANZISHANGWUYOUXIANGONGSI (YAOQI BRAND);

(35)  BIG TIPPER A/K/A YIWUSHIJIAYANGDIANZISHANGWUYOUXIANGONGSI (YAOQI BRAND);

(36)  HARBROT TOYS CO., LTD;

(37)  EIOYUMY;

(38)  LELEPAI A/K/A SHENZHENSHILELEPAIKEJIYOUXIANGONGSI (EIOYUMY BRAND);

(39)  FTZOIIYV;

(40)  SHARP COW A/K/A SHENZHENSHI ANUOSIKEJIYOUXIANGONGSI (FTZOIIYV BRAND);

(41)  PPWOUU A/K/A XIANGYANGSHIZHENJIAMAOYIYOUXIANGONGSI, (756HUYTG BRAND);

(42)  SHENZHEN SUSHENG CROSS-BORDER TRADE CO., LTD. A/K/A DISNEY MONOPOLY STORE;

(43)  SHENZHEN JUN YE TRADING CO., LTD. A/K/A SHOP1104339520 STORE ON ALIEXPRESS;

(44) FOSHAN MAIGU ELECTRONIC COMMERCE CO., LTD. A/K/A SHOP1103939481 STORE AND SHOP1103953201 STORE ON ALIEXPRESS;

(45) FOSHAN FENGSHAO ELECTRONIC COMMERCE CO., LTD. A/K/A SHOP1104033050 STORE ON ALIEXPRESS;

(46) GUANGZHOU ZHONGLIAMUSEMENT EQUIPMENT CO., LTD;

(47) ONLINE MEGA STORES D/B/A PLUSHSTORE.COM;

(48) MOXE STORE ON WISH.COM;

(49) EVERYMARKET, INC. – VERCECO DOLL;

(50) IBSPOT;

(51) TOYTOOTH - VERCECO DOLL;

(52) XHTANG (BRAND MANUFACTURER)

(53) PIVIWN A/K/A CHENGDOUSHIHONGHENGCHANGCHANGGONGYIPI NYOUXIANGONGSI (XHTANG BRAND);

(54) BLEAHEART A/K/A SHENZHENBOLANTONGXINKEJIYOUXIANGONGSI

(55) CHENGYU (BRAND MANUFACTURER);

(56) FLORASUN A/K/A XUANQINGHUYU(QUANZHOU)WENHUACHUANMEI YOUXIANGONGSI;

(57) DONGGUAN PULMAN TOYS CO., LTD A/K/A PULEMAN07 STORE;

(58) YIWU ALLO TRADING CO., LTD;

(59) ANYIZHINENG A/K/A FOSHANQUANYIZHINENGJIA JUYOUXIANGONGSI;

(60) DHGATE - CONG08;

(61) MR. LINTAO – WALMART; and

(62) HAILE COZZIE SOLES LLC,

Defendants.

**WHEREAS**,  on or about May 31, 2025, Plaintiff Gummybear International, Inc. ("Plaintiff" or "GBI") filed an *Ex Parte* Motion for Entry of A Temporary Restraining Order and other Relief (ECF Nos. 13-16, "TRO Application") seeking: i) a temporary restraining order ("TRO") against Defendants (as described in Schedule A attached to the Complaint (ECF No. 7), "Defendants"), enjoining Defendants from offering for sale or selling counterfeit products (the "Counterfeit Products") bearing, using, or infringing upon Plaintiff's copyright registrations and trademark registration; ii) a temporary restraint of certain of Defendants' assets, described below, to preserve Plaintiff's right to an equitable accounting; iii) expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the sale of Counterfeit Products, as well as of Defendants' financial accounts; iv) permitting bifurcated and alternate service of process of the TRO application; and v) ordering Defendants to show cause why a preliminary injunction should not issue on the return date of the Application; and

**WHEREAS**, Plaintiff filed the TRO Application against the Defendants, who are the operators of the interactive, e-commerce stores and online marketplace accounts, as identified in Schedules A, B and C to the Complaint (hereinafter, "Schedule A," "Schedule B," and "Schedule C"); and

**WHEREAS**, the Court entered an Order granting Plaintiff's Application on June 13, 2025 (ECF No. 17) ("TRO"); and

**WHEREAS**, on June 24, July 8, July 9, and July 15, 2025, Plaintiff's counsel filed affidavits of service (ECF Nos. 18, 21, 22, and 24) detailing Plaintiff's efforts to identify and to serve Defendants with the Summons, Complaint, TRO and all papers filed in support of the TRO application pursuant to the alternative methods of service authorized by the TRO; and

**WHEREAS**, the TRO scheduled a show cause hearing for July 16, 2025 for the Defendants to appear and demonstrate why the TRO should not be converted into a Preliminary Injunction Order ("PI"); and

**WHEREAS**, on July 16, 2025 at 11:00 a.m., Plaintiff appeared at the Show Cause Hearing, but no Defendants appeared to contest the issuing of a PI.

## <u>ORDER</u>

1.    The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a)    Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

        i.    Using the Gummibär Mark or any reproduction, counterfeit, copy or colorable imitation of the Plaintiff's mark in connection with the distribution, advertising, offer for sale and/or sale of merchandise that is not the genuine products of the Plaintiff;

        ii.    passing off, inducing or enabling others to sell or pass off any Counterfeit Products as genuine products made and/or sold by the Plaintiff;

        iii.    committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or supervision of Plaintiff,

2

or are sponsored by, approved by, or otherwise connected with Plaintiff;

iv. further infringing the Plaintiff's mark and damaging Plaintiff's goodwill;

v. competing unfairly with Plaintiff in any manner;

vi. shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and that bear the Gummibär Mark or any reproductions, counterfeit copies, or colorable imitations thereof; and

vii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vi) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) below.

b) Further, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. Directly or indirectly infringing any copyrighted work that is owned or controlled by Plaintiff ("Plaintiff's Works");

ii. shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any

manner products or inventory not manufactured by or for Plaintiff,
nor authorized by Plaintiff to be sold or offered for sale, and
protected by the Plaintiff's Copyright or any reproductions,
counterfeit copies, or colorable imitations thereof; or

iii. enabling, facilitating, permitting, assisting, soliciting, encouraging
or inducing others to directly or indirectly infringe Plaintiff's
Works, Plaintiff's Gummibär Mark, and/or manufacture, import,
distribute, offer for sale and/or sell counterfeits of Plaintiff's
Works.

c) Accordingly, all persons in active concert and participation with
Defendants, who receive actual notice of this Order, including Third
Party Service Providers and Financial Institutions who satisfy
those requirements, are hereby restrained and enjoined from
engaging in any of the following acts or omissions pending the final
hearing and determination of this action or until further order of the
Court:

i. secreting, concealing, transferring, disposing of,
withdrawing, encumbering or paying Defendants' Assets
from or to Defendants' Financial Accounts until further
ordered by this Court;

ii. secreting, concealing, destroying, altering, selling off,
transferring or otherwise disposing of ~~and/or dealing with~~
any computer files, data, business records, documents or any

4

                other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

    iii. knowingly instructing, aiding or abetting any person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vi) and 1(b)(i) through 1(b)(ii) above and 1(c)(i) above.

d) Accordingly, all persons in active concert and participation with Defendants who receive actual notice of this Order, including Third Party Service Providers who satisfy those requirements are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts insofar as they relate to the Defendants' Infringing Listings and offering for sale and/or sale of Counterfeit Products;

    ii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) and 1(c)(i) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this action, including that:

a) within seven (7) days of receipt of notice of this Order, any newly

discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

b)  For purposes of clarity, the Asset Freeze Order does <u>not</u> apply to the following Defendants: Ami Ventures, Inc., Toytooth, Everymarket, Inc., IBSpot, Inc., and Haile Cozzie Soles, LLC.

3.  As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this action, including that:

a)  In advance of the Fed. R. Civ. P. 26(f) conference, Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York limited to the subjects of properly identifying: i) the Defendants, ii) their assets; iii) other parties involved in the manufacturing, supply and sale of the Counterfeit Products and iv) Defendants' sales of the Counterfeit Product. Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

b)  In advance of the Fed. R. Civ. P. 26(f) conference, Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34 limited to seeking documents relating to the subjects of: i) the full identification of the Defendants, ii) the

location of their accounts and assets, iii) the identification of other parties involved in the manufacturing, supply and sale of the Counterfeit Products, and iv) Defendants' sales of the Counterfeit Products. Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c)  Plaintiff may serve subpoenas on the Financial Institutions to identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirm compliance with this Order, which subpoenas may be made returnable fourteen (14) days after service.

d)  Plaintiff may serve subpoenas on the Third Party Service Providers to identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiff's counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User

7

Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirm compliance with this Order, which subpoenas may be made returnable fourteen (14) days after service.

e) The subpoenas served on the Financial Institutions may require production within fourteen (14) days after receipt, of all documents and records in their possession, custody and control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

    i. account numbers;

    ii. current account balances;

    iii. any and all identifying information for Defendants and Defendants' User Accounts, including, but not limited to, names, addresses and contact information;

    iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

    v. any and all deposits and withdrawals during the previous

8

year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

vi.     any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

f.  The subpoenas served on the Third Party Service Providers may require production within fourteen (14) days after receipt, of all documents and records in its possession, custody and control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

i.     any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph 4 of the TRO;

9

ii.   the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph 4 of the TRO; the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

iii.   Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Gummibear Marks and/or Gummibear Works and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute an infringement of the Gummibear Marks and/or Gummibear Works.

4.   As sufficient cause has been shown, and pursuant to Rule ~~FRCP~~ 4(f)~~(3)~~ of the Federal Rules of Civil Procedure and Articles 1 and 15 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), service

of this Order may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

 a)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website (such as Dropbox or other File Transfer Protocol (FTP) site) where each Defendant will be able to download a PDF copy of this Order to Defendants' e-mail addresses as identified by Financial Institutions or Third Party Service Providers pursuant to the TRO or may otherwise be determined; or

 b) delivery of a message to Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers on their respective platforms, providing a link to a secure website (such as Dropbox or other File Transfer Protocol (FTP) site) where each Defendant will be able to download a PDF copy of this Order.

5. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

6. The $25,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

7. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

8. Any Defendants that are subject to this Order may appear and move to dissolve or

11

modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

~~8.~~9.    Plaintiffs shall file a status letter on ECF providing updates (e.g., with respect to service of the summons and Complaint) and proposed next steps to the Court no later than September 15, 2025, and every sixty days thereafter until the Court orders otherwise.

**SO ORDERED**

Dated:    July 17, 2025
          New York, NY

12