UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUMMYBEAR INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOONOVA, LLC, ANHUI RON.VE. XIN INTERNATIONAL TRADE CO., LTD., etc., <br><br> Defendants. | Case No.: 1:25-cv-4832 |

**DEFENDANT EVERYMARKET INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

1

Defendant Everymarket, Inc. ("Everymarket" or "Defendant"), a corporation organized under the laws of New York, with its principal place of business in Missouri, submits this memorandum of law in support of its motion to dismiss the First Amended Complaint [Document No. 46] filed by Plaintiff pursuant to F. R.C.P. 12(b)(6) and on the ground that Plaintiff has failed to state a claim upon which relief can be granted.

## INTRODUCTION

Defendant owns and operates an online store at https://everymarket.com. Decl. of Defendant ¶3, attached to Def.'s Mot. as Exhibit 1. Defendant is a corporation formed in New York with its principal place of business in Missouri. *Id*. The product at issue in this case was a Verceco-branded doll product manufactured by a third party with which Everymarket, Inc. had a "dropshipping" relationship. *Id*. ¶ 5. *Id*. If one of the products had sold, Everymarket, Inc. would have obtained the product from the third-party distributor and then shipped the product to the consumer. *Id*. By the date of this legal action, a total of one unit of the product at issue has been sold, and the purchaser is the Attorney for the Plaintiff. *Id*. As soon as Everymarket, Inc. received notice of Plaintiff's alleged infringement claim, it immediately took down the listing. *Id*. Plaintiff commenced this lawsuit in the Southern District of New York against Defendant, seeking injunctive relief and damages based on inter alia, copyright infringement, trademark counterfeiting, trademark infringement, and related claims.

## PRELIMINARY STATEMENT

**First**, Plaintiff's Complaint must be dismissed because it impermissibly lumps together the alleged actions of all sixty-six defendants without distinguishing the conduct of any particular party. F.R.C.P 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief" sufficient to give each defendant fair notice of the claims against them. *See Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961); *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). Here, the Complaint provides no factual basis to discern which allegations, if any, pertain to which defendant. As the Second Circuit has made clear,

complaints that "lump all the defendants together in each claim provid[ing] no factual basis to distinguish their conduct … fail[] to satisfy [the] minimum pleading standard." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order); see also *Boehner v. City of Rochester*, 609 F. Supp. 3d 220, 229 (W.D.N.Y. 2022). Because Plaintiff has not articulated specific allegations against individual defendants, the Complaint fails to state a claim upon which relief can be granted and must be dismissed as to the Defendant.

Second, Plaintiff's trademark infringement claim against Defendant fails as a matter of law because the Complaint does not plausibly allege that Defendant made any "use in commerce" of Plaintiff's registered "Gummibär Mark" (Trademark Reg. No. 4335076), as required by 15 U.S.C. § 1114(1)(a). Plaintiff's allegations appear to rest on Defendant's sale of a Verceco-branded doll, yet there is no indication in the pleadings that the accused product, its packaging, or Defendant's website ever displayed or otherwise used the "Gummibär Mark" or any confusingly similar mark. A sustainable infringement claim must begin with factual allegations that the defendant actually used the protected mark. *See Soter Tech., LLC v. IP Video Corp.*, 523 F. Supp. 3d 389, 397 (S.D.N.Y. 2021). Because the Complaint fails to identify any such use, it does not state a cause of action for trademark infringement, and dismissal is warranted.

Third, Plaintiff's civil conspiracy claim must be dismissed because the Complaint fails to allege facts establishing the essential elements of such a claim. To plead civil conspiracy under New York law, a plaintiff must allege: (1) an underlying tort, (2) an agreement among the conspirators, (3) an overt act in furtherance of the agreement, (4) intentional participation, and (5) resulting damages. *Kovkov v. Law Firm of Dayrel Sewell*, PLLC, 182 A.D.3d 418, 119 N.Y.S.3d 849, 849–50 (2020); *ACR Sys., Inc. v. Woori Bank*, 232 F. Supp. 3d 471, 478–79 (S.D.N.Y. 2017). Here, Plaintiff offers only conclusory assertions that all defendants "conspired with each other" to sell counterfeit products but alleges no facts demonstrating the

existence of any agreement involving Everymarket. Moreover, because Plaintiff has failed to state a viable underlying claim of trademark infringement with respect to Everymarket, the conspiracy claim necessarily fails. Absent well-pleaded allegations of an agreement or an actionable predicate tort, Plaintiff's civil conspiracy claim cannot stand and must be dismissed.

Lastly, Plaintiff's demand for statutory damages under the Lanham Act and Copyright Act must be rejected because the Complaint fails to allege facts supporting the essential element of willful infringement. Statutory damages under 17 U.S.C. § 504(c) require proof that infringement was committed willfully, while trademark statutory damages similarly depend on allegations of "use in commerce" of Plaintiff's registered mark, 15 U.S.C. § 1114(1)(a). *See Soter Tech.*, *LLC v. IP Video Corp.*, 523 F. Supp. 3d 389, 397 (S.D.N.Y. 2021); *N.A.S. Import, Corp. v. Chenson Enters.*, *Inc.*, 968 F.2d 250, 252 (2d Cir. 1992). Here, the Complaint identifies no facts suggesting that Defendant ever used the "Gummibär Mark" or engaged in willful copyright infringement. To the contrary, Defendant promptly removed the challenged listing upon notice, disclosed its minimal sales (a single unit at $49.29), and cooperated in providing records, demonstrating an absence of willfulness. Courts consider factors such as concealment, duration of infringement, response to cease-and-desist letters, deterrence, and scale of operation in determining statutory damages. *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166–69 (S.D.N.Y. 1999). None of these factors is present here. Because Plaintiff has not pleaded willful conduct, the statutory damages claim for trademark and copyright infringement cannot stand.

## ARGUMENT

### I. PLAINTIFF HAS FAILED TO STATE A CLAIM DUE TO PLAINTIFF'S LUMPING TOGETHER THE ACTIONS OF ALL 66 DEFENDANTS

F. R. Civ. P. 8(a) requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "At a minimum, that a complaint gives each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests. *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961); see also *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

The Complaint lists 66 different defendants. ECF. Document # 46. The Complaint fails to provide any ability to discern or distinguish which factual claims apply to which of the 66 different defendants in this case. ECF. Document # 46. "To be sure, a complaint that "lump[s] all the defendants together in each claim provid[es] no factual basis to distinguish their conduct .... fail[s] to satisfy [the] minimum [pleading] standard." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order) (internal quotations omitted). *Boehner v. City of Rochester*, 609 F. Supp. 3d 220, 229 [WDNY 2022].

For this reason, the Complaint fails to state a cause of action against Defendants. Defendant is entitled to know which specific facts of which specific counts apply to which of the specific defendants.

### II. PLAINTIFF HAS FAILED TO PLEAD A CAUSE OF ACTION WITH RESPECT TO TRADEMARK INFRINGEMENT FOR DEFENDANT THAT SOLD COUNTERFEIT PRODUCTS WITH THE "Gummibär Mark"

Plaintiff's claims against the Defendant appear to arise out of Defendant's alleged sale of counterfeit products with the "Gummibär Mark"(Trademark Registration Number 4335076). However, Everymarket never sold products that contain or use the "Gummibär Mark" or any allegedly similar mark. ECF No. 46-17. "A sustainable claim must establish that the defendant made 'use in commerce' of Plaintiff's trademark to begin with." *See* 15 U.S.C. § 1114(1)(a)

5

(restricting the "use in commerce" of "a registered mark"); *Soter Tech., LLC v. IP Video Corp.*, 523 F. Supp. 3d 389, 397 (S.D.N.Y 2021).

Defendant sold a Verceco-branded doll product on its website, and there is no indication that the Defendant included the "Gummibär Mark" on the package of the product or the website page in the Complaint. Therefore, there is no evidence of infringement in the Complaint.

### III. PLAINTIFF HAS FAILED TO ALLEGE THE EXISTENCE OF A CIVIL CONSPIRACY OF SELLING COUNTERFEIT PRODUCTS

Plaintiff alleged that all defendants "have conspired with each other to sell identical Counterfeit Products throughout the United States via multiple e-commerce platforms". "To assert a civil conspiracy claim, the complaint must allege (1) a cognizable cause of action, (2) agreement among the conspirators, (3) an overt act in furtherance of the agreement, (4) intentional participation by the conspirators in furtherance of a plan or purpose, and (5) damages." *Kovkov v. Law Firm of Dayrel Sewell, PLLC*, 182 A.D.3d 418, 119 N.Y.S.3d 849, 849-50 (2020) (citing *Abacus Fed. Sav. Bank v. Lim*, 75 A.D.3d 472, 905 N.Y.S.2d 585, 588 (2010)); accord *ACR Sys., Inc. v. Woori Bank*, 232 F. Supp. 3d 471, 478-79 (S.D.N.Y. 2017).

For example, in *Heilbut v. Cassava Sciences., Inc.*, 778 F. Supp. 3d 551, 576 (S.D.N.Y 2025), "Defendants do not dispute the last three elements of civil conspiracy but argue that Plaintiffs have failed to demonstrate the existence of an agreement and that Plaintiffs' civil conspiracy claim is barred by the intracorporate conspiracy doctrine." The Court held that it "is not persuaded on either ground and finds that Plaintiffs have adequately pleaded the existence of a civil conspiracy." *Id*.

Here, despite that Plaintiff has failed to plead a cause of action with respect to trademark infringement for the defendants that sold counterfeit products with the "Gummibär Mark", Everymarket has never entered into agreements with any of the defendants.

As such, Plaintiff has failed to assert a civil conspiracy claim against Defendants because the elements of civil conspiracy are not satisfied in this case.

# IV. PLAINTIFF HAS FAILED TO ALLEGE STATUTORY DAMAGE CLAIMS UPON TRADEMARK AND COPYRIGHT INFRINGEMENT AS THE ELEMENT OF WILLFUL CONDUCT IS MISSING

Plaintiff alleged that "Plaintiff be awarded statutory damages of Two Million Dollars (U.S.) and No Cents ($2,000,000.00) for each and every use of the Plaintiff's mark counterfeited by each Defendant", and "In the alternative to Plaintiff's actual damages and Defendants' profits for copyright infringement of the copyrighted Gummy Bear Song and the separately copyrighted Gummibär character pursuant to 17 U.S.C.§ 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 U.S.C. § 504(c) for willful copyright infringement, which Plaintiff may elect prior to the rendering of final judgment."

As illustrated above, "A sustainable claim must establish that the defendant made 'use in commerce' of Plaintiff's trademark to begin with." *See* 15 U.S.C. § 1114(1)(a) (restricting the "use in commerce" of "a registered mark"); *Soter Tech.*, *LLC v. IP Video Corp.*, 523 F. Supp. 3d 389, 397 (S.D.N.Y 2021). Defendant never sold products that contain or use the "Gummibär Mark" or any allegedly similar mark. Instead, Defendant sold a Verceco-branded doll product on its website, and there is no indication that the Defendant included the "Gummibär Mark" on the package of the product or the website page in the Complaint. Therefore, Plaintiff failed to allege a statutory damage claim upon trademark infringement as it lacks a foundation of facts.

Under 17 U.S. Code § 504(c)(1) "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. 2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains

the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200."

When interpreting the clause of statutory damages under 17 U.S. Code § 504(c), "the Second Circuit…… noted several factors for courts to consider. First, the relevant factors include whatever dollar figures are available, such as "the expenses saved and the profits reaped by the infringers[,] ... the revenues lost by the plaintiff, ... [and] the value of the copyright." *Id.* at 1117. Second, "[s]ome factors do focus on an individual defendant's culpability, for instance, whether the defendant's conduct was innocent or willful, ... or whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced." *Id*. Third, "the deterrent effect on others besides the defendant ... [and] the potential for discouraging the defendant ... factor[ ] into the determination of the award" because "[a]wards of statutory damages serve two purposes—compensatory and punitive." *Id*. Accord *N.A.S. Import, Corp., et al. v. Chenson Enter., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992). *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999). "The determination of a proper amount of statutory damages must look to the full range of factors discussed above." *Id*.

a. **Defendant has not concealed information or misled the court or Plaintiff about its sales activity and revenue**

As to the first set of factors, the court holds that "active effort to mislead the court about continued willful counterfeiting is a traditional aggravating factor in statutory damages inquiries". For example, in *Sara Lee Corp. v. Bags of New York, Inc.,* where "(Plaintiff) never received any response to discovery requests. These defendants kept little or no records as to sale and surely none which would allow a plaintiff to calculate the profits," *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 168 (S.D.N.Y. 1999), and "the defendants refused to provide even basic information such as cost and revenue estimates," *Id*. The court held that "the defendants have failed to provide evidence that would allow a more informed damages

determination", and "in determining infringement damages, courts are to resolve against the defendants any factual uncertainties, such as whether any portion of the defendants' revenue may be deducted from damages, when the defendants left the uncertainty by not responding to the evidence of counterfeit sales with evidence of their own." *Id*.

Here, upon receipt of the notice from the Plaintiff's attorney, Defendant removed the sale listing on issue immediately. Defendant also conducted an internal investigation and provided the sales figures to the Plaintiff. There is one unit sold for the involved Verceco-branded doll product, and the sale price is $49.29. This order was purchased by the Plaintiff's attorney.

As such, the profit and the expense from this sale of the involved product on issue are available and explicit. Defendant has not concealed or misled the court or Plaintiff about its sales activity.

### b. Defendant has no willfulness of infringement, given consideration of the length of the sale activity and its response upon the first legal notice by the Plaintiff

The court refers to the length of the infringement operation and the response upon receipt of the legal notice, such as cease-and-desist letters. For example, in *Sara Lee Corp. v Bags of New York, Inc*., the court agrees that "the willful activity of the defendants resulted in a methodical long-time operation of a counterfeit Coach factory knowing full well ... that what was being produced was unlawful to sell." *Id.* at 167. Additionally, the Court held that "the defendants had engaged in deliberate and willful counterfeiting, even after receiving cease and desist letters." *Gucci Am*., *Inc. v. Gold Ctr*. *Jewelry*, 997 F. Supp. 399, 401(S.D.N.Y. 1998), rev'd, 158 F. Supp. 3d 631 (2d Cir. 1998).

Here, Defendant had operated the sale of the involved Verceco-branded doll product for less than one month till the receipt of the legal notice sent by the Plaintiff's attorney. By then, Defendant had never received a cease or desist letter or such legal notice from the Plaintiff. Upon receiving the first notice, Defendant immediately removed this sale listing and conducted

an investigation. As for this involved Verceco-branded doll product, Defendant sold this product with a dropshipping business model, where Defendant would purchase the product from another vendor (one Amazon seller named Verceco store) when there was an order. Such information was provided to the attorney for the Plaintiff by the Defendant. Therefore, Defendant has responded to the legal claim and notice promptly and in good faith.

### c. Defendant has no defiance of attempts at deterrence, and the size of the operation is minimal compared with the common standard of granting statutory damages

The court regards "defiance of attempts at deterrence" as another factor in determining "willful" infringement. *See Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 169 (S.D.N.Y. 1999). For example, in *Sara Lee Corp. v. Bags of New York, Inc.*, where the defendants had continued the operation for over two years after law enforcement conducted search and seize and one defendant plead guilty of trademark infringement and received injunction by one default judgement, the court held that "the defendants' persistence in the face of extensive governmental efforts to end their counterfeiting business shows not only that they acted willfully, but also that they are difficult to deter." *Id*. Here, Defendant has never acted in such a manner, and therefore, this factor is missing to constitute "willful" conduct.

In addition, "size of the operation" is another factor for the court to review and determine "willful" conduct. In *Sara Lee Corp. v Bags of New York, Inc*., the court held that "Mr. Helou's operation was relatively large in scale, as his inventory of goods and equipment showed. In the showroom, the seizure disclosed an inventory of 5,512 bags worth at least $230,000 under conservative assumptions." *Id.* Once again, no such large-scale operation is found in Defendant's business. On the contrary, Defendant has zero stock of the involved Verceco-branded doll product. Therefore, this factor of "size of the operation" is also missing in Defendant.

Based on the reasons set forth above, Defendant has no "willful" conduct of such trademark or copyright infringement, as Defendant has not concealed information or misled the court or Plaintiff about its sales revenue and figures, the length of the sale activity is very short, and Defendant's immediate response in good faith upon the first legal notice. Moreover, Defendant has no defiance of attempts at deterrence, and the size of the operation is minimal compared with the common standard of granting statutory damages. Thus, Plaintiff has failed to allege statutory damage claims upon trademark and copyright infringement as the elements of "willful" infringement conduct are missing.

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief can be granted. The pleadings have impermissibly lumped defendants together, alleged no actionable use of the "Gummibär Mark," and failed to establish the elements of civil conspiracy. The Plaintiff has further failed to claim statutory damages absent willful infringement. Accordingly, Defendant respectfully requests that the Court dismiss the Complaint with prejudice and grant such other relief as it deems just and proper.

Dated: New York, New York
      Sep 30, 2025

Yen-Yi Anderson
Anderson & Associates Law, P.C
61 Broadway, Suite 2809
New York, NY 10006
646-452-9982
y.anderson@aalawpc.com
*Counsel for Defendants*
*Everymarket Inc.*

**CERTIFICATE OF WORD COUNT COMPLIANCE**

I affirm that this Memorandum of Law in Support of Defendant's Motion to Dismiss complies with the provisions of Local Civil Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts Of New York because it contains 3,306 words, exclusive of the cover, signature block, and certification of word count.

Dated: September 30, 2025
   New York, New York            Yen-Yi Anderson

## CERTIFICATE OF SERVICE

Pursuant to Local Civil Rule 55.2(a)(3), I hereby certify that on September 29, 2025, a true and correct copy of the foregoing Motion will be served upon the Plaintiff listed in Schedule A to the Complaint on any party that has appeared via ECF or via the alternative methods of service previously authorized by this Court's Order dated August 28, 2025, including service by electronic mail to the email addresses identified for each Defendant and/or by publication, as set forth in said Order.

Dated: September 30, 2025
      New York, New York                                                   Yen-Yi Anderson