## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

GUMMYBEAR INTERNATIONAL, INC.,

     Plaintiff,

       v.

SOONOVA, LLC, ANHUI RON.VE. XIN
INTERNATIONAL TRADE CO., LTD., etc.,

     Defendants.

Case No.: 1:25-cv-4832

## DEFENDANT EVERYMARKET INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

**Table of Contents**

TABLE OF AUTHORITIES ................................................................................................3

INTRODUCTION ...........................................................................................................6

  PRELIMINARY STATEMENT ........................................................................................6

ARGUMENT .................................................................................................................9

  I. PLAINTIFF HAS FAILED TO STATE A CLAIM DUE TO PLAINTIFF'S LUMPING TOGETHER THE ACTIONS OF ALL 67 DEFENDANTS..................................................9

  II. PLAINTIFF HAS FAILED TO PLEAD A CAUSE OF ACTION WITH RESPECT TO TRADEMARK INFRINGEMENT FOR DEFENDANT THAT SOLD COUNTERFEIT PRODUCTS WITH THE "Gummibär Mark" .................................................................10

  III. PLAINTIFF HAS FAILED TO STATE CONTRIBUTORY AND VICARIOUS TRADEMARK INFRINGEMENT.......................................................................................15

  IV. PLAINTIFF HAS FAILED TO ALLEGE THE EXISTENCE OF A CIVIL CONSPIRACY OF SELLING COUNTERFEIT PRODUCTS...........................................17

  V. PLAINTIFF HAS FAILED TO ALLEGE STATUTORY DAMAGE CLAIMS UPON TRADEMARK AND COPYRIGHT INFRINGEMENT AS THE ELEMENT OF WILLFUL CONDUCT IS MISSING .................................................................................18

    a.   Defendant has not concealed information or misled the court or Plaintiff about its sales activity and revenue ..............................................................................................19

    b.   Defendant has no willfulness of infringement, given consideration of the length of the sale activity and its response upon the first legal notice by the Plaintiff...................20

    c.   Defendant has no defiance of attempts at deterrence, and the size of the operation is minimal compared with the common standard of granting statutory damages ...............21

CONCLUSION.................................................................................................................22

## TABLE OF AUTHORITIES

**Cases**                                                                    **Page**

*Abacus Fed. Sav. Bank v. Lim*, 905 N.Y.S.2d 585, 588 (2010)……………………………...11

*ACR Sys.*, *Inc. v. Woori Bank*, 232 F. Supp. 3d 471, 478–79 (S.D.N.Y. 2017)…………...8, 11

*Arista Records LLC v. Usenet.com, Inc*., 633 F.Supp.2d 124, 156-57 (S.D.N.Y. 2009)..7, 9-13

*Allstar Mktg. Grp., LLC v. 123 Beads Store*, No. 19-CV-3184 (AJN), 2020 WL 5836423, at *3 (S.D.N.Y. Sept. 30, 2020)………………………………………………………………...13

*Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)………………………….7-9

*Boehner v. City of Rochester*, 609 F. Supp. 3d 220, 229 (W.D.N.Y. 2022)………………...7-9

*Cross Com. Media, Inc. v. Collective, Inc.*, 841 F.3d 155, 168 (2d Cir. 2016) (quoting *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003)); *Mattel Inc. v. Chongqing Senjianan E-Commerce Co., Ltd.*, 2025 U.S. Dist. LEXIS 57915, *14-15…………………..14

*Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 31 (2003)…………7, 8, 10

*Dish Network L.L.C. v. Siddiqi*, No. 18-CV-4397 (VB), 2019 U.S. Dist. LEXIS 193095, (S.D.N.Y. Nov. 6, 2019).......................................................................................................12-13

*EMI Christian Music Group, Incorporated v. MP3tunes, LLC,* 844 F.3d 79, 99 (2d Cir. 2016) …………………………………………………………………………………...…7, 9-11

*Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961)……………………...6, 9

*Gucci Am*., *Inc. v. Gold Ctr. Jewelry*, 997 F. Supp. 399, 401(S.D.N.Y. 1998), <u>rev'd,</u> 158 F. Supp. 3d 631 (2d Cir. 1998)………………………………………………………………15

*Heilbut v. Cassava Sciences*., *Inc*., 778 F. Supp. 3d 551, 576 (S.D.N.Y 2025)……11, 12, 17

*Kovkov v. Law Firm of Dayrel Sewell*, *PLLC*, 119 N.Y.S.3d 849, 849–50 (2020)……….8, 11

*N.A.S. Import, Corp. v. Chenson Enters*., *Inc*., 968 F.2d 250, 252 (2d Cir. 1992)………..8, 13

*Sara Lee Corp. v. Bags of New York, Inc*., 36 F. Supp. 2d 161, 166–69 (S.D.N.Y. 1999)………………………………………………………………………...9, 13-15, 19, 20

*Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)………………………………………..6, 9

*Soter Tech*., *LLC v. IP Video Corp*., 523 F. Supp. 3d 389, 397 (S.D.N.Y. 2021)………………………………………………………………….…7, 8, 10, 14, 18

*Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 107 (2d Cir. 2010).......................................15-17

**Statutes**                                                                                                  **Page**

17 U.S.C.§ 504(b)………………………………………………………………………….18

17 U.S.C. § 504(c) ………………………………………………………..…….8, 18

17 U.S. Code § 504(c)(1) …………………………………………………………………18

15 U.S.C. § 1114(1)(a) ………………………………………………………7, 8, 10, 14, 18

F.R.C.P 8(a) …………………………………………………………………………...6

Defendant Everymarket, Inc. ("Everymarket" or "Defendant"), a corporation organized under the laws of New York, with its principal place of business in Missouri, submits this memorandum of law in support of its motion to dismiss the Second Amended Complaint [Document No. 68] filed by Plaintiff pursuant to F. R.C.P. 12(b)(6) and on the ground that Plaintiff has failed to state a claim upon which relief can be granted.

## INTRODUCTION

Defendant owns and operates an online store at https://everymarket.com. Decl. of Defendant ¶3, attached to Def.'s Mot. as Exhibit 1. Defendant is a corporation formed in New York with its principal place of business in Missouri. *Id*. The product at issue in this case was a Verceco-branded doll product manufactured by a third party with which Everymarket, Inc. had a "dropshipping" relationship. *Id*. ¶ 5. *Id*. If one of the products had sold, Everymarket, Inc. would have obtained the product from the third-party distributor and then shipped the product to the consumer. *Id*. By the date of this legal action, a total of one unit of the product at issue has been sold, and the purchaser is the Attorney for the Plaintiff. *Id*. As soon as Everymarket, Inc. received notice of Plaintiff's alleged infringement claim, it immediately took down the listing. *Id*. Plaintiff commenced this lawsuit in the Southern District of New York against Defendant, seeking injunctive relief and damages based on inter alia, copyright infringement, trademark counterfeiting, trademark infringement, and related claims.

## PRELIMINARY STATEMENT

**First**, Plaintiff's Complaint must be dismissed because it impermissibly lumps together the alleged actions of all sixty-seven defendants without distinguishing the conduct of any particular party. F.R.C.P 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief" sufficient to give each defendant fair notice of the claims against them. *See Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961); *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). Here, the Complaint provides no factual basis to discern which allegations, if any, pertain to which defendant. As the Second Circuit has made clear,

complaints that "lump all the defendants together in each claim provid[ing] no factual basis to distinguish their conduct … fail[] to satisfy [the] minimum pleading standard." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order); see also *Boehner v. City of Rochester*, 609 F. Supp. 3d 220, 229 (W.D.N.Y. 2022). Because Plaintiff has not articulated specific allegations against individual defendants, the Complaint fails to state a claim upon which relief can be granted and must be dismissed as to the Defendant.

Second, Plaintiff's trademark infringement claim against Defendant fails as a matter of law because the Complaint does not plausibly allege that Defendant made any "use in commerce" of Plaintiff's registered "Gummibär Mark" (Trademark Reg. No. 4335076), as required by 15 U.S.C. § 1114(1)(a). Plaintiff's allegations appear to rest on Defendant's sale of a Verceco-branded doll, yet there is no indication in the pleadings that the accused product, its packaging, or Defendant's website ever displayed or otherwise used the "Gummibär Mark" or any confusingly similar mark. A sustainable infringement claim must begin with factual allegations that the defendant actually used the protected mark. *See Soter Tech*., *LLC v. IP Video Corp*., 523 F. Supp. 3d 389, 397 (S.D.N.Y. 2021). Plaintiff also fails to allege how customers were drawn to Defendant's platform specifically because the Verceco- branded doll played the Gummy Bear Song. A direct financial interest requires that the infringing material acts as a draw to attract customers to the defendant's service. *See EMI Christian Music Group, Incorporated v. MP3tunes, LLC,* 844 F.3d 79, 99 (2d Cir. 2016). In addition, Plaintiff fails to allege how Defendant is the producer of the tangible goods at issue. The Lanham Act's "origin of goods" provision protects against misrepresentation of who manufactured the physical product being sold, not misrepresentation regarding the authorship of underlying copyrighted content incorporated into that product. *See Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 31 (2003). Finally, Plaintiff has offered no evidence that customers purchased the Verceco-branded doll from Defendant because it played the Gummy Bear Song rather than

simply wanting a toy bear, failing to establish how Defendant derived a direct financial benefit from any alleged infringement. Courts have rejected mere speculation as to why customers may have made purchasing decisions where the plaintiff has "offered no evidence that customers' purchasing decisions were actually influenced by the copyrighted material." *See Arista Records LLC v. Usenet.com, Inc.,* 633 F.Supp.2d 124, 156-57 (S.D.N.Y. 2009). Because the Complaint fails to identify any such use, it does not state a cause of action for trademark infringement, and dismissal is warranted.

Third, Plaintiff's civil conspiracy claim must be dismissed because the Complaint fails to allege facts establishing the essential elements of such a claim. To plead civil conspiracy under New York law, a plaintiff must allege: (1) an underlying tort, (2) an agreement among the conspirators, (3) an overt act in furtherance of the agreement, (4) intentional participation, and (5) resulting damages. *Kovkov v. Law Firm of Dayrel Sewell*, *PLLC*, 182 A.D.3d 418, 119 N.Y.S.3d 849, 849–50 (2020); *ACR Sys*., *Inc. v. Woori Bank*, 232 F. Supp. 471, 478–79 (S.D.N.Y. 2017). Here, Plaintiff offers only conclusory assertions that all defendants "conspired with each other" to sell counterfeit products but alleges no facts demonstrating the existence of any agreement involving Everymarket. Moreover, because Plaintiff has failed to state a viable underlying claim of trademark infringement with respect to Everymarket, the conspiracy claim necessarily fails. Absent well-pleaded allegations of an agreement or an actionable predicate tort, Plaintiff's civil conspiracy claim cannot stand and must be dismissed.

Lastly, Plaintiff's demand for statutory damages under the Lanham Act and Copyright Act must be rejected because the Complaint fails to allege facts supporting the essential element of willful infringement. Statutory damages under 17 U.S.C. § 504(c) require proof that infringement was committed willfully, while trademark statutory damages similarly depend on allegations of "use in commerce" of Plaintiff's registered mark, 15 U.S.C. § 1114(1)(a). *See Soter Tech*., *LLC*, 523 F. Supp. 3d at 397; *N.A.S. Import, Corp. v. Chenson Enters*., *Inc*., 968 F.2d 250, 252 (2d Cir. 1992). Here, the Complaint identifies no facts suggesting that Defendant

ever used the "Gummibär Mark" or engaged in willful copyright infringement. To the contrary, Defendant promptly removed the challenged listing upon notice, disclosed its minimal sales (a single unit at $49.29), and cooperated in providing records, demonstrating an absence of willfulness. Courts consider factors such as concealment, duration of infringement, response to cease-and-desist letters, deterrence, and scale of operation in determining statutory damages. *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166–69 (S.D.N.Y. 1999). None of these factors is present here. Because Plaintiff has not pleaded willful conduct, the statutory damages claim for trademark and copyright infringement cannot stand.

## ARGUMENT

## I. PLAINTIFF HAS FAILED TO STATE A CLAIM DUE TO PLAINTIFF'S LUMPING TOGETHER THE ACTIONS OF ALL 67 DEFENDANTS

F. R. Civ. P. 8(a) requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "At a minimum, that a complaint gives each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests. *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961); see also *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

The Complaint lists 67 different defendants. ECF. Document # 46. The Complaint fails to provide any ability to discern or distinguish which factual claims apply to which of the 67 different defendants in this case. ECF. Document # 46. "To be sure, a complaint that "lump[s] all the defendants together in each claim provid[es] no factual basis to distinguish their conduct .... fail[s] to satisfy [the] minimum [pleading] standard." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order) (internal quotations omitted). *Boehner v. City of Rochester*, 609 F. Supp. 3d 220, 229 [WDNY 2022].

For this reason, the Complaint fails to state a cause of action against Defendants. Defendant is entitled to know which specific facts of which specific counts apply to which of the specific defendants.

## II. PLAINTIFF HAS FAILED TO PLEAD A CAUSE OF ACTION WITH RESPECT TO TRADEMARK INFRINGEMENT FOR DEFENDANT THAT SOLD COUNTERFEIT PRODUCTS WITH THE "Gummibär Mark"

Plaintiff's claims against the Defendant appear to arise out of Defendant's alleged sale of counterfeit products with the "Gummibär Mark"(Trademark Registration Number 4335076). However, Everymarket never sold products that contain or use the "Gummibär Mark" or any allegedly similar mark. ECF No. 46-17. "A sustainable claim must establish that the defendant made 'use in commerce' of Plaintiff's trademark to begin with." *See* 15 U.S.C. § 1114(1)(a) (restricting the "use in commerce" of "a registered mark"); *Soter Tech*., *LLC*, 523 F. Supp. 3d at 397. Plaintiff alleges that Defendant attempted to pass off the Verceco Doll as an authorized product sponsored by Plaintiff by using images and product descriptions that reference the Gummy Bear Song. Under the Lanham Act, "origin of goods" refers to "the producer of the tangible goods offered for sale, not the author of the ideas or concepts embodied in those goods." *See Dastar Corp.*, 539 U.S. at 31. Plaintiff further alleges that Defendant is liable for copyright infringement because it sold the Verceco- branded doll, which plays the copyrighted Gummy Bear Song when activated. In addition, Plaintiff alleges that Defendant should have conducted diligence to determine whether the Verceco- branded doll was authorized, and that by using the same images and descriptions as the Verceco Store, Defendant had a direct financial interest in the infringement. A defendant lacks a direct financial interest in infringement where the infringement material was not a customer draw, and plaintiffs must show a causal relationship between the infringing activity and any financial benefit the defendant reaps, demonstrated by evidence that the infringing content actually attracted

customers or influenced purchasing decisions. *See EMI Christian Music Group, Inc.*, 844 F.3d at 99; *Arista Records LLC*, 633 F.Supp.2d at156-57.

    **A. Plaintiff cannot establish that Defendant engaged in false designation of origin or derived any direct financial benefit from the alleged infringement; therefore, Plaintiff's trademark infringement and copyright claims cannot stand**

In *Dastar*, the Supreme Court addressed whether uncredited copying of uncopyrighted works constitutes false designation of origin under the Lanham Act. The Court held that "the Lanham Act does not prevent the uncredited copying of uncopyrighted works, and the defendant's actions did not constitute false designation of origin under Section 43(a) of the Lanham Act." The Court clarified: "The most natural understanding of the 'origin' of 'goods' (the source of wares) is the producer of the tangible product sold in the marketplace." The Supreme Court emphasized that "origin of goods" refers to "the producer of the tangible goods offered for sale, not the author of the ideas or concepts embodied in those goods."

Here, Defendant sold a Verceco-branded doll product on its website, and there is no indication that the Defendant included the "Gummibär Mark" on the package of the product or the website page in the Complaint. Defendant did not manufacture the Verceco-branded doll or create the allegedly infringing content. The Verceco-branded doll was manufactured by a third party with which Defendant had a dropshipping relationship. Defendant merely facilitated the sale as an intermediary platform. Under *Dastar*, the "origin" of the goods is the actual manufacturer. This would be the third-party producer of the Verceco-branded doll, not Defendant. Defendant neither created the physical product nor embedded the copyrighted song in the doll. Therefore, Plaintiff cannot establish that Defendant engaged in false designation of origin, as Defendant was not the origin of the allegedly infringing goods within the meaning of the Lanham Act.

In *EMI Christian Music Group, Inc. v. MP3tunes, LLC*, the Second Circuit addressed whether an online music service provider had a direct financial interest in copyright

infringement. *See EMI Christian Music Group, Inc. v. MP3tunes, LLC*, 844 F.3d 79, 99 (2d Cir. 2016). The court held that "[a]n obvious and direct financial interest in the exploitation of copyrighted materials ... may be established where infringing material acts as a draw to attract subscribers to a defendant's business, even if it is not the primary, or even a significant draw." *Id.* The court found that the plaintiff must demonstrate that the alleged infringing material itself acted as a customer draw to the defendant's platform. *Id.* In *EMI Christian Music*, the court found sufficient evidence of direct financial interest where an employee testified that she and other employees "emphasized availability of free music" in connection with trying to get users to purchase the service. *Id.* at 100.

Here, Plaintiff alleges that Defendant "unilaterally attempted to arbitrage the infringing Verceco Doll by trying to sell it at a higher price by leveraging its much larger consumer base." However, Plaintiff fails to show that customers were drawn to Defendant's platform specifically because the Verceco-branded doll played the Gummy Bear Song. Unlike in *EMI Christian Music*, where employees actively promoted free infringing music to drive subscriptions, there is no allegation that Defendant marketed the infringing song as a customer draw. According to the facts in the Motion to Dismiss, Defendant operated a general dropshipping marketplace, and the single unit sold was purchased by Plaintiff's own attorney, not an organic customer attracted by the infringing content. Therefore, Plaintiff has failed to establish that Defendant had a direct financial interest in any alleged infringement.

In *Arista Records LLC*, the court addressed whether a service provider had a direct financial interest in copyright infringement where users downloaded infringing content. *See Arista Records LLC.*, 633 F.Supp.2d at 156. The court found that the defendants earned a direct financial benefit from infringement because "infringing content certainly acts as 'a draw' for users to subscribe to Defendants' service." *Id.* The *Arista* court emphasized that defendants' revenues increased with download volume, and that defendants' own employees acknowledged that the availability of copyrighted material, including music, attracted users and generated profits. *Id.* at 156-57.

Here, Plaintiff alleges that Defendant "unilaterally attempted to arbitrage the infringing Verceco-branded doll by trying to sell it at a higher price by leveraging its much larger consumer base." However, unlike in *Arista*, where defendants' employees admitted that copyrighted content attracted users and drove subscriptions, and where statistical evidence demonstrated massive infringement as the service's primary purpose, Plaintiff has provided no evidence that customers were actually influenced by the Verceco-branded doll's copyrighted content. In this case, Defendant operated a general e-commerce marketplace and sold only one unit of the product, which was purchased by Plaintiff's own attorney. There is no evidence that customers were drawn to Defendant's platform specifically because the doll played the Gummy Bear Song, or that the infringing content drove traffic or revenues to Defendant's service. Therefore, Plaintiff has failed to establish that Defendant had a direct financial interest in any alleged infringement.

Due to the aforementioned reasons, there is no evidence of infringement in the Complaint.

B. **Plaintiff cannot establish either prong of the Second Circuit's test for trademark counterfeiting and has failed to state a claim for trademark counterfeiting**

Under 15 U.S.C. §§ 1114(1)(a)-(b), 1125, the Lanham Act imposes liability on any person who, "in connection with the sale, offering for sale, or distribution of goods, uses a counterfeit of a registered mark or counterfeits such mark in advertising or packaging materials when such use is likely to cause confusion." *Allstar Mktg. Grp., LLC v. 123 Beads Store*, No. 19-CV-3184 (AJN), 2020 WL 5836423, at *3 (S.D.N.Y. Sept. 30, 2020).

The Second Circuit court applies a two-prong test for determining the trademark infringement and counterfeiting claims under the Lanham Act, "To prevail on a trademark counterfeiting or infringement claim under the Lanham Act, a plaintiff must establish that the infringed mark is valid and 'entitled to protection,' and that 'use of the allegedly infringing mark' is likely to cause consumer confusion as to the origin or sponsorship' of the products to which

it attached." *Cross Com. Media, Inc. v. Collective, Inc.*, 841 F.3d 155, 168 (2d Cir. 2016) (quoting *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003)); *Mattel Inc. v. Chongqing Senjianan E-Commerce Co., Ltd.*, 2025 U.S. Dist. LEXIS 57915, *14-15. As a threshold matter, "A sustainable claim must establish that the defendant made 'use in commerce' of Plaintiff's trademark to begin with." *See* 15 U.S.C. § 1114(1)(a) (restricting the "use in commerce" of "a registered mark"); *Soter Tech., LLC*, 523 F. Supp. 3d at 397.

Here, Plaintiff owns one registered mark, the Gummibär Mark (Trademark Registration Number 4335076). This trademark consists of the wording of "Gummibär" over a design of an upright bear (drawing) balancing on its right foot. ECF-No.7, Exhibit 2. However, Everymarket never sold products that contain or use the Gummibär Mark or any allegedly similar mark. ECF No. 46-17. There is no indication that the Defendant included the Gummibär Mark on the package of the product or the website page in the Complaint. Defendant sold a Verceco-branded doll product on its website. "Verceco" is identified as the brand and manufacturer of the doll product. There is no indication that Verceco is affiliated with Plaintiff. Defendant's use of the "Verceco" brand is plainly distinct from Plaintiff's Gummibär Mark. Accordingly, Plaintiff has failed to establish that Defendant infringed its registered Gummibär Mark.

### C. Plaintiff Has no Legal Ground for Trademark "Gummy Bear" and Cannot Establish Enforceable Trademark Rights in "Gummy Bear," and Defendant's Descriptive Use Does Not Constitute Infringement.

Plaintiff might argue that Defendant's use of the descriptive phrase "Gummy Bear" constitutes "use in commerce" of Plaintiff's Gummibär Mark and is "likely to cause consumer confusion as to the origin or sponsorship of the products." However, Plaintiff previously sought registration of a "Gummy Bear" mark (depicting a bear design) in Class 28 (toys) under U.S. Serial No. 77548079, filed on August 5, 2008. *See* Exhibit 2 – USPTO Record for Serial No. 77548079, at page 1. That application was abandoned on April 2, 2009. *Id.* According to the

Office Action issued by the United States Patent and Trademark Office ("USPTO") on November 26, 2008, "Registration of the applied-for mark is refused because of a likelihood of confusion with the marks in U.S. Registration Nos. 3028169 and 3015335." *See* Exhibit 3 – Office Action for "Gummy Bear", at page 3. Specifically, Registration No. 3,028,169 for "Gummy Bears," covering toys in Class 28, is owned by Street Players Holding. *See* Exhibit 4 - Trademark Registration Certificate for Gummy Bears. Plaintiff has never responded to the above office action and its trademark application was abandoned.

As such, Plaintiff holds no enforceable rights in "Gummy Bear" or "Gummy Bears" and cannot assert trademark protection over those terms. Defendant's descriptive use of "Gummy Bear" therefore does not infringe Plaintiff's Gummibär Mark. Plaintiff once again fails to demonstrate that Defendant made any "use in commerce" of the Gummibär mark.

For the reasons set forth above, because (1) Defendant made no "use in commerce" of the Gummibär mark, and (2) Defendant's Verceco-branded doll products are plainly distinct from Plaintiff's Gummibär mark, Plaintiff cannot establish either prong of the Second Circuit's test for trademark infringement or counterfeiting. Plaintiff has failed to assert the claim of trademark counterfeiting under the Lanham Act.

## III.    PLAINTIFF HAS FAILED TO STATE CONTRIBUTORY AND VICARIOUS TRADEMARK INFRINGEMENT

For contributory trademark infringement liability to lie, a service provider must have more than a general knowledge or reason to know that its service is being used to sell counterfeit goods. Some contemporary knowledge of which particular listings are infringing or will infringe in the future is necessary. *See Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 107 (2d Cir. 2010). "If a manufacturer or distributor intentionally induces another to infringe a trademark, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the manufacturer or distributor is contributorily responsible for any

harm done as a result of the deceit." *See Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 106 (2d Cir. 2010) (quoting *Inwood Labs., Inc. v. Ives Labs.*, Inc., 456 U.S. 844, 854 (1982)).

Applying these principles to the present case, Plaintiff's allegations fail to state a plausible claim for contributory trademark infringement. Under *Inwood* and *Tiffany*, a seller or online service provider is contributorily liable only if it (1) intentionally induces another to infringe a trademark, or (2) continues to supply its product or service to one whom it knows or has reason to know is engaging in trademark infringement.

Here, Plaintiff alleges neither circumstance. The Complaint does not claim that Defendant Everymarket intentionally induced any third party to infringe Plaintiff's mark, nor that it continued to provide products or services to any party after learning of any alleged infringement. Instead, Plaintiff merely asserts in conclusory fashion that "Defendants had knowledge of the infringement or were willfully blind to it while enabling it to occur." *See* Second Amended Complaint ¶ 153, *Gummybear Int'l, Inc. v. Soonova, LLC*, No. 1:25-cv-04832-JMF (S.D.N.Y. filed Oct. 21, 2025). Such conclusory allegations fall squarely within the "general knowledge or reason to know" category that *Tiffany* expressly held insufficient to establish contributory liability. *See Tiffany (NJ) Inc.*, 600 F.3d at 107.

Plaintiff also pleads no facts demonstrating that Defendant Everymarket had any "contemporary knowledge of which particular listings [were] infringing or [would] infringe in the future." *See* Second Amended Complaint ¶¶ 152-157, *Gummybear Int'l, Inc. v. Soonova, LLC*, No. 1:25-cv-04832-JMF (S.D.N.Y. filed Oct. 21, 2025). Nor does Plaintiff allege that Everymarket had any contractual, supervisory, or profit-sharing relationship with any manufacturer or seller of counterfeit goods. To the contrary, Everymarket operated a dropshipping business model with a third-party manufacturer of the Verceco-branded doll, and the alleged sale involved only a single transaction—a single unit purchased by Plaintiff's own attorney—after which Everymarket immediately removed the listing upon receiving notice of Plaintiff's infringement claim. *See* Decl. of Defendant ¶¶ 3, 5, attached to Def.'s Mot. as Exhibit 1. Such isolated and promptly corrected conduct cannot plausibly establish the intentional

inducement or continued supply required under *Inwood* and *Tiffany*. Since Plaintiff's contributory trademark infringement claim relies solely on conclusory allegations without factual support showing intentional inducement, specific knowledge, or continued supply after notice, it fails to meet the pleading standards of *Twombly* and *Iqbal*.

## IV. PLAINTIFF HAS FAILED TO ALLEGE THE EXISTENCE OF A CIVIL CONSPIRACY OF SELLING COUNTERFEIT PRODUCTS

Plaintiff alleged that all defendants "have conspired with each other to sell identical Counterfeit Products throughout the United States via multiple e-commerce platforms". "To assert a civil conspiracy claim, the complaint must allege (1) a cognizable cause of action, (2) agreement among the conspirators, (3) an overt act in furtherance of the agreement, (4) intentional participation by the conspirators in furtherance of a plan or purpose, and (5) damages." *Kovkov v. Law Firm of Dayrel Sewell*, *PLLC*, 119 N.Y.S.3d 849, 849-50 (2020) (citing *Abacus Fed. Sav. Bank v. Lim*, 905 N.Y.S.2d 585, 588 (2010)); accord *ACR Sys*., *Inc. v. Woori Bank*, 232 F. Supp. 3d 471, 478-79 (S.D.N.Y. 2017).

For example, in *Heilbut v. Cassava Sciences*., *Inc*., 778 F. Supp. 3d 551, 576 (S.D.N.Y 2025), "Defendants do not dispute the last three elements of civil conspiracy but argue that Plaintiffs have failed to demonstrate the existence of an agreement and that Plaintiffs' civil conspiracy claim is barred by the intracorporate conspiracy doctrine." The Court held that it "is not persuaded on either ground and finds that Plaintiffs have adequately pleaded the existence of a civil conspiracy." *Id*.

Here, despite that Plaintiff has failed to plead a cause of action with respect to trademark infringement for the defendants that sold counterfeit products with the "Gummibär Mark", Everymarket has never entered into agreements with any of the defendants.

As such, Plaintiff has failed to assert a civil conspiracy claim against Defendants because the elements of civil conspiracy are not satisfied in this case.

# V. PLAINTIFF HAS FAILED TO ALLEGE STATUTORY DAMAGE CLAIMS UPON TRADEMARK AND COPYRIGHT INFRINGEMENT AS THE ELEMENT OF WILLFUL CONDUCT IS MISSING

Plaintiff alleged that "Plaintiff be awarded statutory damages of Two Million Dollars (U.S.) and No Cents ($2,000,000.00) for each and every use of the Plaintiff's mark counterfeited by each Defendant", and "In the alternative to Plaintiff's actual damages and Defendants' profits for copyright infringement of the copyrighted Gummy Bear Song and the separately copyrighted Gummibär character pursuant to 17 U.S.C.§ 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 U.S.C. § 504(c) for willful copyright infringement, which Plaintiff may elect prior to the rendering of final judgment."

As illustrated above, "A sustainable claim must establish that the defendant made 'use in commerce' of Plaintiff's trademark to begin with." *See* 15 U.S.C. § 1114(1)(a) (restricting the "use in commerce" of "a registered mark"); *Soter Tech*., *LLC*, 523 F. Supp. 3d at 397. Defendant never sold products that contain or use the "Gummibär Mark"  or any allegedly similar mark. Instead, Defendant sold a Verceco-branded doll product on its website, and there is no indication that the Defendant included the "Gummibär Mark" on the package of the product or the website page in the Complaint. Therefore, Plaintiff failed to allege a statutory damage claim upon trademark infringement as it lacks a foundation of facts.

Under 17 U.S. Code § 504(c)(1) "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. 2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason

to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200."

When interpreting the clause of statutory damages under 17 U.S. Code § 504(c), "the Second Circuit…… noted several factors for courts to consider. First, the relevant factors include whatever dollar figures are available, such as "the expenses saved and the profits reaped by the infringers[,] ... the revenues lost by the plaintiff, ... [and] the value of the copyright." *Id.* at 1117. Second, "[s]ome factors do focus on an individual defendant's culpability, for instance, whether the defendant's conduct was innocent or willful, ... or whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced." *Id.* Third, "the deterrent effect on others besides the defendant ... [and] the potential for discouraging the defendant ... factor[ ] into the determination of the award" because "[a]wards of statutory damages serve two purposes—compensatory and punitive." *Id.* Accord *N.A.S. Import, Corp., et al. v. Chenson Enter., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992). *Sara Lee Corp.*, 36 F. Supp. 2d at 166. "The determination of a proper amount of statutory damages must look to the full range of factors discussed above." *Id.*

### a.  Defendant has not concealed information or misled the court or Plaintiff about its sales activity and revenue

As to the first set of factors, the court holds that "active effort to mislead the court about continued willful counterfeiting is a traditional aggravating factor in statutory damages inquiries". In *Sara Lee Corp.,* where "(Plaintiff) never received any response to discovery requests, these defendants kept little or no records as to sale and surely none which would allow a plaintiff to calculate the profits," and "the defendants refused to provide even basic information such as cost and revenue estimates," *Sara Lee Corp.*, 36 F. Supp. 2d at 168. The court held that "the defendants have failed to provide evidence that would allow a more informed damages determination", and "in determining infringement damages, courts are to resolve against the defendants any factual uncertainties, such as whether any portion of the

defendants' revenue may be deducted from damages, when the defendants left the uncertainty by not responding to the evidence of counterfeit sales with evidence of their own." *Id*.

Here, upon receipt of the notice from the Plaintiff's attorney, Defendant removed the sale listing on issue immediately. Defendant also conducted an internal investigation and provided the sales figures to the Plaintiff. There is one unit sold for the involved Verceco-branded doll product, and the sale price is $49.29. This order was purchased by the Plaintiff's attorney.

As such,  the profit and the expense from this sale of the involved product on issue are available and explicit. Defendant has not concealed or misled the court or Plaintiff about its sales activity.

### b.  Defendant has no willfulness of infringement, given consideration of the length of the sale activity and its response upon the first legal notice by the Plaintiff

The court refers to the length of the infringement operation and the response upon receipt of the legal notice, such as cease-and-desist letters. For example, in *Sara Lee Corp.*, the court agrees that "the willful activity of the defendants resulted in a methodical long-time operation of a counterfeit Coach factory knowing full well ... that what was being produced was unlawful to sell." *Id.* at 167. Additionally, the Court held that "the defendants had engaged in deliberate and willful counterfeiting, even after receiving cease and desist letters." *Gucci Am*., *Inc*. *v. Gold Ctr*. *Jewelry*, 997 F. Supp. 399, 401(S.D.N.Y. 1998), rev'd, 158 F. Supp. 3d 631 (2d Cir. 1998).

Here, Defendant had operated the sale of the involved Verceco-branded doll product for less than one month till the receipt of the legal notice sent by the Plaintiff's attorney. By then, Defendant had never received a cease or desist letter or such legal notice from the Plaintiff. Upon receiving the first notice, Defendant immediately removed this sale listing and conducted an investigation. As for this involved Verceco-branded doll product, Defendant sold this product with a dropshipping business model, where Defendant would purchase the product from another vendor (one Amazon seller named Verceco store) when there was an order. Such

information was provided to the attorney for the Plaintiff by the Defendant. Therefore, Defendant has responded to the legal claim and notice promptly and in good faith.

### c. Defendant has no defiance of attempts at deterrence, and the size of the operation is minimal compared with the common standard of granting statutory damages

The court regards "defiance of attempts at deterrence" as another factor in determining "willful" infringement. *See Sara Lee Corp.*, 36 F. Supp. 2d at 169. For example, in *Sara Lee Corp.*, where the defendants had continued the operation for over two years after law enforcement conducted search and seize and one defendant plead guilty of trademark infringement and received injunction by one default judgement, the court held that "the defendants' persistence in the face of extensive governmental efforts to end their counterfeiting business shows not only that they acted willfully, but also that they are difficult to deter." *Id.* Here, Defendant has never acted in such a manner, and therefore, this factor is missing to constitute "willful" conduct.

In addition, "size of the operation" is another factor for the court to review and determine "willful" conduct. In *Sara Lee Corp.*, the court held that "Mr. Helou's operation was relatively large in scale, as his inventory of goods and equipment showed. In the showroom, the seizure disclosed an inventory of 5,512 bags worth at least $230,000 under conservative assumptions." *Id.* Once again, no such large-scale operation is found in Defendant's business. On the contrary, Defendant has zero stock of the involved Verceco-branded doll product. Therefore, this factor of "size of the operation" is also missing in Defendant.

Based on the reasons set forth above, Defendant has no "willful" conduct of such trademark or copyright infringement, as Defendant has not concealed information or misled the court or Plaintiff about its sales revenue and figures, the length of the sale activity is very short, and Defendant's immediate response in good faith upon the first legal notice. Moreover, Defendant has no defiance of attempts at deterrence, and the size of the operation is minimal compared

with the common standard of granting statutory damages. Thus, Plaintiff has failed to allege statutory damage claims upon trademark and copyright infringement as the elements of "willful" infringement conduct are missing.

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief can be granted. The pleadings have impermissibly lumped defendants together, alleged no actionable use of the "Gummibär Mark," and failed to establish the elements of civil conspiracy. The Plaintiff has further failed to claim statutory damages absent willful infringement. Accordingly, Defendant respectfully requests that the Court dismiss the Complaint with prejudice and grant such other relief as it deems just and proper.


Dated: November 12, 2025          */s/ Yen-Yi Anderson*
     New York, New York          Yen-Yi Anderson
                                    Anderson & Associates Law, P.C
                                    61 Broadway, Suite 2809
                                    New York, NY 10006
                                    646-452-9982
                                    y.anderson@aalawpc.com
                                    *Counsel for Defendants*
                                    *Everymarket Inc.*

## CERTIFICATE OF WORD COUNT COMPLIANCE

I affirm that this Memorandum of Law in Support of Defendant's Motion to Dismiss complies with the provisions of Local Civil Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts Of New York because it contains 6,356 words, exclusive of the cover, signature block, and certification of word count.

Dated: November 12, 2025                      */s/ Yen-Yi Anderson*

      New York, New York                      Yen-Yi Anderson

## CERTIFICATE OF SERVICE

Pursuant to Local Civil Rule 55.2(a)(3), I hereby certify that on November 12, 2025, a true and correct copy of the foregoing Motion will be served upon the Plaintiff listed in Schedule A to the Complaint on any party that has appeared via ECF or via the alternative methods of service previously authorized by this Court's Order dated October 1, 2025, including service by electronic mail to the email addresses identified for each Defendant and/or by publication, as set forth in said Order.


Dated: November 12, 2025                          */s/ Yen-Yi Anderson*
       New York, New York                          Yen-Yi Anderson