# KAGEN, CASPERSEN & BOGART PLLC
ATTORNEYS ADMITTED IN NEW YORK, NEW JERSEY AND CALIFORNIA

551 MADISON AVENUE, 12TH FLOOR
NEW YORK, NEW YORK 10022
(212) 880-2045
(646) 304-7879 (FACSIMILE)

January 13, 2026

**VIA ECF**
Honorable Jesse M. Furman, U.S.D.J.
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 24B
New York, NY 10007-1312

    Re:    ***Gummybear International, Inc.***
            Case No.: 25-cv-4832

Dear Judge Furman:

    Plaintiff Gummybear International, Inc. ("Plaintiff' or "GBI") writes to request that the Court strike improper argument contained in the reply brief filed by Defendants IBSpot, Inc. ("IBSpot") and Everymarket, Inc. ("Everymarket," collectively "Defendants") in support of their motion to dismiss (DE 115). On January 8, 2026, Plaintiff wrote to Defendants' counsel detailing the below concerns and advising that Plaintiff would move to strike or file a surreply unless Defendants explained their position by January 12, 2026. Plaintiff has received no response to date.

    *First*, IBSpot materially misquotes the record. As Plaintiff showed in its opposition to IBSpot's motion to dismiss (DE 104 at 19), one of IBSpot's product listings was titled "*Unbranded Singing I Am A Gummy Bear Musical Gummibär Soft Plush Doll Toys Kids X-Mas Gift*" ("*Gummibär Listing*"). This fact is significant because the use of the German word *Gummibär* in conjunction with a nearly identical replica of the image of *Gummibär* contained in Plaintiff's valid trademark registration constitutes clear counterfeiting under Defendants' own analysis. For the convenience of the Court, the product listing as it appears at DE 3-62, page 5, is excerpted below:



    But IBSpot's reply brief alters the title of the product listing as reported in Exhibit 52 and in Plaintiff's brief. At page 7, IBSpot's reply alters the language of this listing by inaccurately

**KAGEN, CASPERSEN & BOGART PLLC**

Honorable Judge Furman
January 13, 2026
Page 2

writing: "*Unbranded Singing I Am A Gummy Bear Musical Soft Plush Doll Toys Kids X-Mas Gift*" ("*Gummy Bear Listing*").  IBSpot's omission of the word "Gummibär" is striking given its argument that a counterfeiting claim cannot be sustained absent its use of the word "Gummibär" in commerce in connection with its offering for sale of the counterfeit product.  Instead of addressing this damaging fact, IBSpot altered the facts.

*Second*, contrary to the rule that at the 12(b)(6) stage the Court should accept the facts in the complaint as true and draw all reasonable inferences in Plaintiff's favor, Defendants extensively argue the facts, regarding matters such as their overall sales, their sophistication, the process by which Defendants obtained the infringing images and products, and their internal operations.  Yet Defendants' reply brief for the most part contains no citations to the Second Amended Complaint, their own improper declarations, or any other source for these factual contentions.

*Third*, Plaintiff's Second Amended Complaint does not assert claims against Everymarket, who sold the Verceco Doll, for Trademark Counterfeiting under 15 U.S.C. §§ 1114-1117, or for copyright infringement of the cartoon character (DE 107, p. 7).  Rather, Plaintiff asserted these two claims only against IBSpot, who sold the Standard Counterfeit Doll, which was identical to Plaintiff's doll.  Nevertheless, Defendants' reply incorrectly asserts that Plaintiff asserted these claims against both Defendants.  The joint reply confusingly devotes a significant portion of time striking down the straw man it manufactured.

*Fourth*, the reply contains improper *ad hominem* attacks referring to Plaintiff as a "troll."  In common parlance, copyright trolls are "more focused on the business of litigation than on selling a product or service or licensing their [copyrights] to third parties to sell a product or service."  *Creazioni Artistiche Musicali, S. R. L. v. Carlin Am., Inc.*, 2017 U.S. Dist. LEXIS 124082, at *10-11 (S.D.N.Y. Aug. 4, 2017).  Quite to the contrary, Gummibär is one of the most watched and listened to animated characters, which has been subjected to a relentless pattern of counterfeiting and copyright infringement that has impaired its ability to sell its own genuine products.

Based on the above, and Defendants' failure to respond, Plaintiff respectfully asserts that judicial economy and the interests of justice are best served by the Court striking these improper arguments from Defendants' reply brief.

Respectfully submitted,

/s/ Russell Bogart
Russell Bogart