**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GUMMYBEAR INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOONOVA, LLC et al., <br><br> Defendants. | Case No. <br> 1:25-cv-04832-JMF <br><br><br> ~~[PROPOSED]~~ **ORDER** |

JESSE M. FURMAN, United States District Judge:

Consistent with the Court's Memorandum Opinion and Order dated April 22, 2026 (ECF No. 147), it is hereby ORDERED:

1.      Plaintiff's motion for prejudgment attachment is **GRANTED**.  An order of prejudgment attachment is entered against the $49,838.41 in funds currently frozen in the Walmart accounts of Defendants HARBROT TOYS CO., LTD., PIVIWN, PPWOUU, and Sharp Cow (the "Appearing Defendants"), consisting of:  $17,065.45 for HARBROT TOYS CO., LTD.; $3,374.04 for PIVIWN; $17,599.74 for PPWOUU; and $11,799.18 for Sharp Cow.

2.      The portion of the preliminary injunction order (ECF No. 29) that froze the Appearing Defendants' assets is **VACATED**.  The preliminary injunction order otherwise remains in full effect.

3.      The Appearing Defendants' motion to modify the preliminary injunction (ECF No. 90) is **DENIED** as moot.

4.      The $25,000 previously posted by Plaintiff as security for the temporary restraining order and preliminary injunction is deemed an undertaking for the prejudgment attachment pursuant to N.Y. C.P.L.R. § 6212(b).[*]

**SO ORDERED.**

Dated: _____April 30_____, 2026
        New York, New York

                                           JESSE M. FURMAN
                                 United States District Judge

*The Court notes that "if it is finally decided that the plaintiff was not entitled to an attachment . . . [its] liability shall not be limited by the amount of the undertaking." N.Y. C.P.L.R. § 6212(e).